FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SAMUEL W. WEICHT,

       Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

       Respondent - Appellee.

No. 09-7039
(E.D. Oklahoma)
(D.C. No. 6:06-CV-00055-RAW-KEW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

Appellant, Samuel W. Weicht, seeks a certificate of appealability ("COA")

from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be

taken from a final order disposing of a § 2254 petition unless the petitioner first

obtains a COA). Because Weicht has not "made a substantial showing of the

denial of a constitutional right," this court **denies** his request for a COA and

**dismisses** this appeal. *Id*. § 2253(c)(2).

Weicht was convicted by an Oklahoma jury of second degree arson, larceny

of an automobile, third degree arson, and second degree burglary. He appealed

his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"), raising

six claims of error. The OCCA denied relief on all claims. Weicht filed the instant § 2254 federal habeas petition on February 7, 2008, raising the same six claims: (1) the only evidence regarding his participation in the crimes of conviction was the uncorroborated testimony of an accomplice, (2) his trial was not commenced withing the time constrains of the Interstate Agreement on Detainers Act, (3) he was deprived of his constitutional right to a speedy trial, (4) the admission of evidence of other crimes during the first stage of the trial unduly prejudiced him and deprived him of a fair trial, (5) his waiver of counsel at the preliminary hearing was not made knowingly and voluntarily, and (6) the state failed to prove an essential element of the burglary charge.

Weicht's petition was referred to a magistrate judge who prepared a written Report and Recommendation (R&R) recommending that it be denied. Specifically, the R&R recommended denying habeas relief on Weicht's challenges to the accomplice testimony and the admission of evidence of other crimes, concluding he failed to demonstrate his trial was rendered fundamentally unfair. *See Duckett v. Mullin,* 306 F.3d 982, 999 (10th Cir. 2002). Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the R&R also concluded the OCCA's adjudication of Weicht's remaining claims was not contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). After considering Weicht's written objections to the R&R,

the district court adopted the findings and conclusions in the R&R and denied Weicht's habeas petition.

To be entitled to a COA, Weicht must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Weicht has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*. at 338. Although Weicht need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Weicht's application for a COA and appellate brief, the R&R, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Weicht is not entitled to a COA. The district court's resolution of Weicht's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Weicht has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Weicht's request for a COA and **dismisses** this appeal. Weicht's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge